IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TIMOTHY NELSON EVANS**                                             **PLAINTIFF**

**VS.**                                             **CIVIL NO. 1:10-CV-460-HSO-JMR**

**LISA LADNER, et al.**                                             **DEFENDANTS**

### REPORT & RECOMMENDATIONS

This matter comes before the Court pursuant to Plaintiff's Motion [120] to Reopen Case, Second Motion [121] to Reopen Case and Memorandum [123] in Support thereof all filed in June of 2011. Having considered Plaintiff's Motions [120, 121] and Memorandum [123] in Support, along with the entire record and applicable law, this Court recommends that Plaintiff's motions be denied.

### STATEMENT OF THE CASE

Evans filed his 42 U.S.C. § 1983 suit on August 21, 2010. The claim focused on obtaining medical treatment, which Evans claimed the Defendants were withholding. *See* Pet'n. [1]. Approximately five months later, Plaintiff filed a Motion [112] to Voluntarial [sic] Dismiss stating that instead of pursuing his claim, he would be accepting medical treatment from prison officials. Mot'n [112]. Attached to the Motion, Evans included a signed Notice of Voluntary Dismissal form that states: "[a]s the plaintiff, I hereby dismiss this cause, without prejudice, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure." Mot'n [112-1]. Two motions were filed by separate groups of Defendants, both without objections to the voluntary dismissal. *See* Mot'n [113]; Mot'n [114]. Thereafter, on February 2, 2011, the District Court granted Evans motion and entered a final judgment dismissing all parties. Final Judgment [115].

On June 1, 2011, Evans' filed his first Motion to Reopen Case. In it he claimed that the treatment he received was inadequate and now causing him more pain. Mot'n. [120]. Six days later, on June 7, 2011, Evans filed his second Motion to Reopen, again claiming that the treatment was flawed. Evans also filed a Memorandum in Support of both motions, detailing the treatment and his subsequent health problems. *See* Mem. In Support [123]. The motions were referred to this Court by Order on December 12, 2011. Order [133].

## ANALYSIS

Federal Rule of Civil Procedure 41(a)(1) reserves to plaintiffs a narrow right to voluntarily dismiss actions brought in federal court. When an action is properly dismissed under Rule 41(a)(1), it is presumed to be without prejudice unless it is otherwise stated in the notice of dismissal or the court's order. *Harvey Specialty & Supply, Inc. v. Anson Flowline Equip., Ins.*, 434 F.3d 320, 324 (5th Cir. 2005). The effect of a 41(a)(1) dismissal "is to put the plaintiff in a legal position as if he had never brought the first suit." *Id*. (quoting *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976)). As a result, the plaintiff is free to return to court and properly pursue his claim.

The District Court's Order dismissing all parties entered February 2, 2011, does not indicate the nature of the dismissal, therefore it is presumed that the dismissal was without prejudice. If any doubt arose as to the nature of the dismissal, the voluntary dismissal form Evans signed was plain: he wished to dismiss his "cause, without prejudice, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure." Mot'n [112-1]. Thus, the dismissal put the plaintiff in the position as if he had never filed the claim. At that point, Evans was free to pursue the same claim, or another, related claim, in a court with proper jurisdiction.

Evans' two motions to reopen his case are both supported by claims that the healthcare he received for the injury underlying his first claim was inadequate. The court construes these motions

to reopen as motions to reinstate under Rule 60(b) of the Federal Rules of Civil Procedure. As Evans' new claims do not fit properly in any of the first five avenues for relief under 60(b)-he claims no mistake, surprise or neglect, no new evidence, no fraud or issues with the judgement -the Court will examine the present motions under the catchall provision, Rule 60(b)(6). *Batts v. Tow-Motor Forklift*, 66 F.3d 743, 747 (5th Cir. 1995) ("We have held that [60(b)(6)]'s any other reason language refers to any other reason than those contained in the five enumerated grounds on which a court may grant a Rule 60(b) motion."). Rule 60(b)(6) is simultaneously a "grand reservoir of equitable power to do justice" and "a narrowly circumscribed" method of relief reserved for only "extraordinary circumstances." *Id*. (quoting *Gov't Fin. Serv. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 773 (5th Cir. 1995)).[1]

When the final judgment was entered on February 2, 2011, without prejudice, Evans was free to pursue any claim against any or all of the Defendants. However, the proper avenue for such a claim is through filing a new action, not reopening the instant matter. Evans was not restrained by the District Court's judgment from seeking relief for the original injury or any injury arising from subsequent treatment. As a result, he was not burdened by any inequity sufficient to establish an "extraordinary circumstance" prompting relief under Rule 60(b)(6).

## CONCLUSION

For the foregoing reasons, it is the recommendation of this Court that the Evans' Motion [120] to Reopen Case and Second Motion [121] to Reopen Case be denied.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with

---

[1] The limited availability of Rule 60(b)(6) is a reflection of courts' oft-stated favor for finality of judgments. *See Gonzalez v.* Crosby, 545 U.S. 524, 535 (2005) (citing *Liljeberg v. Health Serv. Acquisition Corp*, 486 U.S. 847, 864 (1988) (Rhenquist, C.J., dissenting)).

a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).[2]

**THIS** the 9th day of December, 2011.

*s/ John M. Roper, Sr.*
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[2]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.